IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRIAN SHULTS, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:19-cv-2989 |
| ) | |
| HAMIILTON SOUTHEASTERN SCHOOL ) | |
| CORPORATION and its BOARD OF ) | |
| SCHOOL TRUSTEES and FISHERS ) | |
| POLICE DEPARTMENT, ) | |
|     Defendants. ) | |

COMPLAINT and DEMAND FOR TRIAL BY JURY

COMES NOW, Plaintiff, Brian Shults, by and through counsel and does hereby file an action for a preliminary and permanent injunction and to seek this Court's intervention to overturn a school district's decision to ban Plaintiff from entering any district property.  In support of this request, Plaintiff alleges the following:

Introduction

1.      Plaintiff, Brian Shults (hereinafter "Mr. Shults"), is a parent of two minor children that attend school within the Hamilton Southeastern Schools (hereinafter "HSE") school district.

2.      Mr. Shults is the coach of his daughter's recreational basketball team.  After attending one of his player's middle-school basketball game at an HSE school, HSE arbitrarily and permanently banned Mr. Shults from all HSE campuses, including the schools attended by his children.

1

3. Mr. Shults appealed HSE's decision, to no avail. This lawsuit seeks a preliminary injunction to lift the ban and compensation for the damages caused by the ban.

## Jurisdiction and Venue

4. This case is brought pursuant to 42 U.S.C. §1983, the Fourteenth Amendment, and contract law.

5. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331 and 1367, federal statutes, and pendent jurisdiction under Indiana statutes.

6. Venue is proper in the Southern District of Indiana, Indianapolis Division, because all of the parties live and reside in Hamilton County, Indiana and all relevant action took place in Hamilton County, Indiana.

## Parties

7. Brian Shults is a citizen of Hamilton County, Indiana. His address is 10910 Edgewood Dr. Fortville, IN 46040.

8. His children attend HSE schools.

9. At all times relevant, Mr. Shults has lived within the boundaries of HSE schools and his children have attended HSE schools.

10. HSE is a school corporation located in Hamilton County, Indiana. Its address is 13485 Cumberland Rd., Fishers, IN 46038.

11. The School Board of Trustees is the governing body for HSE schools and is located at the same address as the school corporation.

12. Fishers Police Department is located at 4 Municipal Dr. Fishers, IN 46038.

13. At all times relevant, the School Board of Trustees has been the governing body and has been charged with the development and enforcement of HSE policies and procedures.

14. At all times relevant HSE's School Resource Officer worked under the direction of and was an employee or representative of the Fishers Police Department.

Facts Applicable to All Counts

15. Mr. Shults was formerly an employee of HSE schools. In 2015, Mr. Shults resigned his employment with HSE.

16. The resignation was negotiated by a Separation Agreement. Exhibit 1.

17. In exchange for certain consideration, Mr. Shults promised "to neither initiate nor perpetuate contact with HSE students and …[to] not be on HSE property without written permission from central office HSE administration." *Id.*

18. The agreement went on to note that "Shults is, however, permitted to contact HSE students and be on HSE property if the contact and/or presence is due to his involvement with his children." *Id.* Both parties intended that the agreement would "be interpreted broadly."

19. Mr. Shults coaches his middle-school daughter's recreational basketball team. In order to determine the strengths and weaknesses of his

players, Mr. Shults attended one of his player's middle-school basketball game in January of 2019.

20. He sat at the basketball game with the parents of the children on his team.

21. The game was uneventful. After the game, Mr. Shults received a letter from HSE indicating that he had been seen at the basketball game. The letter indicated that his daughter was not playing basketball and he had not sought permission to be on the property. Consequently, HSE stated that his "behavior constitute[d] a violation of the 'Agreement' and …restricted [him] from being on any HSE campus or property." HSE went on to note that the restriction would remain in place until further notice.

22. HSE stated that failure to follow the directive would result in a request for Mr. Shults to be arrested and prosecuted for the crime of Criminal Trespass pursuant to I.C. 35-43-2-2. *Id.* The letter further indicated that the trespass was considered a level six felony and that the Fishers Police Department had been notified of the restriction. *Id.*

23. The letter was signed by the interim superintendent, Dr. William Carnes, and the school resource office, who is also a member of the Fishers Police Department, Captain Mike Johnson. *Id.*

24. The letter refers any questions Mr. Shults may have to either Dr. Carnes or Captain Johnson. *Id.*

25. Mr. Shults wrote to the interim superintendent about the decision. Mr. Shults indicated that he was also the assistant coach of his son's

4

recreational basketball team and that the ban would prevent him from attending not only his daughter's games but his son's games and practices. He further expressed that he would be unable to pick up and drop off his children from school and practice and asked the interim superintendent to reconsider his action.

26. The interim superintendent responded in a letter written on February 21, 2019. The letter indicated that HSE believed that Mr. Shults had violated the separation agreement. However, the interim superintendent went on to note that "[i]ndependent of the violation of the Separation Agreement, HSE concurrently invokes its authority to issue the directive restricting you from being on any HSE campus or property."

27. The February 21, 2019 letter did not otherwise provide any reason for the restriction that was independent of the alleged violation.

28. Mr. Shults hired counsel to advocate on his behalf. HSE counsel reiterated the terms of the February 11 letter and indicated that Mr. Shults could not seek potential relief from the ban for at least one calendar year.

29. Subsequent to these exchanges, Mr. Shults tried to communicate with school staff regarding issues his daughter was having at school and was told that as a result of the ban, HSE would no longer communicate with him regarding his children.

30. When Mr. Shults contacted one of his children's teachers to let her know his child would be a car-rider and not a bus-rider that day, the school's principal emailed him and informed him that his child would no longer be

allowed to be picked up in the car-rider line, but rather needed to be picked up from the main office, in person, by whomever was picking up the children. The reason given for this deviation in process was HSE's ban on Mr. Shults.

31. Mr. Shults' voting site is an HSE school and he was unable to vote in the 2019 elections.

32. Mr. Shults filed a tort claim notice on June 24, 2019. To date, HSE has not lifted its ban.

33. Mr. Shults seeks a preliminary and permanent injunction lifting the ban and redress for the damage caused by it.

### Count I- 42 U.S.C. § 1983- Equal Protection

34. Plaintiff hereby repleads and incorporates by reference paragraphs 1-31.

35. Defendants, while acting under the color of state law, have intentionally discriminated against Mr. Shults by banning him from all HSE campuses and refusing to communicate with him regarding his children's education.

36. These actions have denied Mr. Shults' fundamental rights to vote and to parent.

37. Defendants' actions were unreasonable, willful, and reckless.

38. Defendants do not have a legitimate interest in enforcing the ban and the ban does not have any legitimate state purpose.

39. Mr. Shults has suffered damages as a result of the Defendants' treatment.

### Count II- 42 U.S.C. § 1983- Retaliation

40. Plaintiff hereby repleads and incorporates by reference paragraphs 1-39.

41. HSE has retaliated against Mr. Shults for exercising his fundamental rights.

42. HSE has no rational basis for its actions against Mr. Shults.

43. HSE has acted willfully and recklessly.

44. Mr. Shults has suffered damages as a result of HSE's actions.

### Count III- 42 U.S.C. § 1983- Failure to Intervene

45. Plaintiff hereby repleads and incorporates by reference paragraphs 1-44.

46. Members of HSE administration, the Board of Trustees and the Fishers Police Department should have known that HSE was violating Plaintiff's constitutional rights.

47. These individuals had a reasonable opportunity to prevent harm to Plaintiff but failed to do so.

48. Defendants' acted with reckless indifference to Plaintiff's constitutional rights.

49. Mr. Shults suffered harm as a result of Defendants' inaction.

### Count IV- 42 U.S.C. § 1983- Violation of Due Process Rights

50. Plaintiff hereby repleads and incorporates by reference paragraphs 1-49.

51. Defendants, collectively, violated Plaintiff's due process rights by not providing him due process before interfering with a fundamental constitutional right.

52. Defendants' actions were intentional and reckless and indifferent to Plaintiff's constitutional rights.

53. Mr. Shults suffered harm as a result of Defendants' failure.

### Count V- Breach of Contract

54. Plaintiff hereby repleads and incorporates by reference paragraphs 1-53.

55. HSE breached the Separation Agreement.  Exhibit A.

56. The Separation Agreement is null and void.

57. Mr. Shults has suffered damages as a result of HSE's breach.

### Count VI- Intentional Infliction of Emotional Distress

58. Plaintiff hereby repleads and incorporates by reference paragraphs 1-57.

59. Defendants' actions were extreme and outrageous.  Their conduct intentionally or recklessly caused severe emotional distress to Mr. Shults. They were purposefully designed to harass and intimidate Mr. Shults and to prevent him from exercising his constitutional rights.

60. Mr. Shults suffered emotional distress as a result of these actions.

### Count VII- Negligent Infliction of Emotional Distress

61. Plaintiff hereby repleads and incorporates by reference paragraphs 1-60.

62. Defendants' actions were recklessly indifferent to Mr. Shults' constitutional rights. Defendants knew or should have known that their threats would cause emotional distress and would prevent Mr. Shults from exercising his constitutional rights.

63. Mr. Shults suffered emotional distress as a direct result of Defendants' reckless actions.

## Demand for Jury

Plaintiff, Brian Shults, hereby demands a trial by jury pursuant to the Federal Rules.

WHEREFORE, for the foregoing reasons, Plaintiff hereby requests that this Court schedule this matter for a jury trial, provide the relief requested in his prayer for relief and provide all other relief deemed just.

## Prayer for Relief

1. Permanently enjoin HSE and Fishers Police Department from enforcing the ban against Mr. Shults.
2. Nullify the Separation Agreement between HSE and Mr. Shults.
3. Compensate Mr. Shults for his damages.
4. Reimburse Mr. Shults' attorney's fees.
5. Order HSE and Fishers Police Department to amend their policies and practices regarding campus bans so as to not to infringe on parents' federal protected rights.

Wherefore, for the foregoing reasons, Plaintiff respectfully requests that this Court issue a preliminary and permanent injunction from enforcing the ban, the relief sought in his prayer, and all other just relief.

                        Respectfully submitted,
                        Curlin & Clay Law Association of Attorneys,

                        /s/ Alexandra M. Curlin
                        8510 Evergreen Avenue, Ste. 200
                        Indianapolis, IN  46240
                        T: (317) 202-0301
                        F: (317) 536-3663
                        amcurlin@curlinclaylaw.com